■ RICHARD GOODMAN, Appellant, v HARRIET B. GOODMAN, Respondent. BRUCE A. YOUNG, Nonparty Respondent. [692 NYS2d 348] —Judgment, Supreme Court, New York County (Joan Lobis, J.), entered September 26, 1997, which, *inter alia*, ordered plaintiff to pay defendant $40,241.57, representing child support, children's medical expenses and tuition and other pendente lite relief and which denied defendant's application for counsel fees without prejudice to the enforcement of unpaid balances due from the prior amounts of counsel fees awarded to Bruce A. Young, Esq., unanimously affirmed, without prejudice to an application by plaintiff to determine whether he has paid amounts to defendant in satisfaction of the judgment in excess of the amounts owed thereunder and is therefore entitled to be reimbursed to the extent of such overpayments, without costs. Order, same court and Justice, entered on or about October 17, 1997, which denied plaintiff's motion to vacate a Notice to Take Examination, unanimously affirmed, without costs.

Nonparty judgment creditor Young has sought to examine plaintiff in aid of enforcing two judgments against plaintiff for attorney's fees. The fees were incurred during Young's representation of defendant, plaintiff's former wife, in the instant matrimonial action. It is plaintiff's contention that the enforcement proceedings should not go forward because he has, in satisfying the divorce judgment, paid his ex-wife more than she is entitled to thereunder and has, by dint of his overpay-

ments, satisfied any obligation he had for her attorney's fees. Plaintiff's obligation to Young, however, evidenced by two money judgments in Young's favor together amounting to $7,500, is separate and apart from his obligations to his former wife under the judgment of divorce and accordingly may not be satisfied by payments or, indeed, overpayments made to her pursuant to the divorce judgment. Plaintiff's claim of overpayment to his former wife, then, was properly found by the motion court to afford no justification for preventing Young from examining plaintiff in aid of his enforcement of the two unsatisfied judgments in Young's favor against plaintiff. Plaintiff may be entitled to a credit for overpayments made by him in the course of satisfying the divorce judgment, but the circumstance that overpayments may have been made provides us with no ground to modify the divorce judgment, the obligations of which are not disputed by plaintiff, or to prevent attorney Young's enforcement of the separate judgments in his favor. Concur—Ellerin, P. J., Rosenberger, Buckley and Friedman, JJ.